21-1153 United States v. Carrillo. Mr. Shaw. Thank you very much. May it please the court. My name is Jason Shaw and I represent appellant Manuel Carrillo. In this case, the district court abused its discretion by failing to reduce and preserving a 60 year sentence on a crack cocaine offense for which Mr. Carrillo asked for the First Step Act to apply to reduce his sentence and the court left in place a 60 year sentence when the revised statutory maximum applicable to the offense is only 40 years. In doing so, the court abused its footnote explaining its rationale. However, this court interprets that footnote, it doesn't matter because the court, the district court abused its discretion. And one interpretation of that footnote. Isn't the court correct that once it denied relief on count one, that anything it did on count 17 would have no impact on the amount of time that Mr. Carrillo spent in prison? But your honor, the problem with that is, well, yes or no. First, it did not change his sentence. That's correct, your honor. And could not a ruling on count 17 could not then change his sentence? Not at presently. That's right, your honor. But okay. So I want you to focus for a minute on whether I know the court appears to have decided this on standing. But there's another just disability issue that we look at, which is called mootness. And if the court cannot give meaningful relief, even if that, that inability arises during the pendency of the case, the matter becomes moot, then the court do exactly what it should have done when the matter became moot, which is, is it dismissed that claim without prejudice, so that if it ever had an ability to affect his sentence, you could bring it. The problem, your honor, is that it's unclear from the footnote, whether the district court dismissed the claim without prejudice, or if in doing so, the district court said arguably that count 17 was a covered offense. But the problem lies in that the amount of crack cocaine involved in this whole case was the same physical crack cocaine for count 17 as it was for count one. And if the district court determined which it did, that count one was a covered offense, then it's illogical that it couldn't also be determining that count 17 was a covered offense. And if and if the court determined that count 17 was a covered offense, at some point in the future, someone could argue that Mr. Carrillo has lost his quote, one bite at the apple, because the court has ruled on the merits that it was a covered offense, and that the district court wasn't going to address it. I mean, that's that's sort of an unfair reading of the decision, though, isn't it? Because isn't isn't the the clear import of the decision that I'm not reaching the merits of count 17? Because I can't do anything with it. And I'm going to dismiss it without prejudice, which makes it clear that you can bring it back. I mean, the argument was presented below that, hey, you know, this is a one bite at the apple statute. And if you kick me out without ruling on this, I'm never going to get to bring it up again. And the district court basically said, yes, you are, because I'm not ruling on it. I mean, how do you deal with that? Your Honor, if that's what the district court said, then it failed to reach a decision after a complete review of the motion on its merits, and Mr. Carrillo would then preserve his right under the First Step Act to come back later. But it's unclear that, at least in my reading, that that's what the district court did, because it left us only a footnote that that gave three kind of rationales, one of which was the reliance on Manny, this court's ruling in Manny, which is entirely different than the case at bar, because in Manny, the defendant had overarching sentences that were greater than this, the covered offenses that the court was requesting, and that's between standing and mootness, right? From the get-go in Manny, there was no standing. There was no way the court could have given the relief that was requested. Here, if the court had exercised its discretion and reduced on count one, it could have moved on to count 17 and reduced that as well and given some relief. But once the court decided I'm not giving relief on count one, there was nothing the court could do with respect to count 17 that would have any practical consequences in the real world. So the court did exactly what it said I can't rule on this and saved it for another day, making clear that it wasn't making a ruling on the merits. Your Honor, if I may, it depends when the court made that mootness determination. The issue clearly wasn't moot when it was presented by Mr. Carrillo in his motion, and the court arguably... And that's why he had standing. Correct. But can the court make the issue moot in the middle of... Yes, it happens all the time. I mean, you know, if you rule on one thing, another thing is no longer has any consequences. It happens all the time that a matter becomes moot during the pendency of the action. Your Honor, if it then became moot, presumably Mr. Carrillo's count 17 motion was not adjudicated or reviewed after a complete review on the merits, and he preserves that right. And we're not asking this court to rule that he's given up that right if the motion became moot at that point. But what we're saying is by choosing... By arguing that it wasn't moot, the court used that as a hook to preserve a sentence of 60 years when the... If it is a covered offense, which arguably the court effectively decided, then the maximum statutory punishment is 40 years. And it can't be moot ever if there's an illegal sentence that's kept in place because the harm is that he's serving 60 years on a statute that now requires a maximum of 40. And that's a pretty significant harm given that there were two statutes passed over the past 11, 12 years, excuse me, addressing crack cocaine sensing disparities. The first one in 2010 changed the statutory thresholds from, in this case, from 50 grams to 280 grams. And Mr. Carrillo's offense, both of his offenses involve 51 grams of crack cocaine. And he falls right in the smack bullseye of what that modification was. And then in 2018, when the First Step Act passed, it gave defendants the chance to seek relief as if the Fair Sensing Act of 2010 was in place at the time of the covered offense. And a court doing that calculus would have to find that 51 grams of crack offense was only punishable now by 40 years in prison. And Mr. Carrillo is serving a 60-year sentence, which I acknowledge there's not too many 60-year federal crack cocaine sentences that even exist, much less would come before this court. So let me ask you this. Do you agree that if we determine the district court did not reach the merits of count 17 that your case is over, do you lose at that point? Only, Your Honor, if the court has the discretion to keep in place a 60-year sentence for a statutory maximum offense of 40 years. If the court doesn't- Well, I mean, what's our discretion to get rid of it when we have a case that says that you can't address an issue if it won't change the ultimate sentencing outcome? I mean, in this case, count one is going to stand. You didn't appeal that. So he's in for 720 months under count one. And if we then say, look, you didn't appeal that, so he's in for 720, there's no relief available to you and the district court didn't reach the merits. I mean, isn't that the end of it? Well, Your Honor, that sounds like the but discretionary. And our argument is that if that's the basis for saying it's moot, then the court abused its discretion because preserving a 60-year sentence where the statute says a maximum of 40 years is per se an abuse of discretion. And the concurrent sentencing doctrine can't save that. Well, that wasn't the basis for relief that you brought, though. Let's just change it up a little bit. I mean, you do agree that like under a manny fact pattern where, say you came in and asked for this relief but didn't challenge count one, you lose at step one then, right? I mean, if you come in and you say, hey, look, this is an illegal sentence. It can't possibly be more than 40 months or 60 months or whatever you want to or I mean, 40 years, I guess is what the, you know, you can't possibly have more than that if the district court would have said yes, but you're serving 720 months on another sentence that you have not challenged. So I can't give you relief. You agree that that would have been correct, right? Well, except, Your Honor, if the two acts passed by Congress require, as the Fourth Circuit said in Collington, that a 60-year sentence now needs to be reduced to no more than 40 years. Okay, so you're challenging our decision in manny then, suggesting that it's improper. No, Your Honor, manny had overarching convictions that were not crack cocaine offenses that the First Step Act could address. So this one, I mean, this one does too. He upheld the count one based on the methamphetamine amounts. And that's kind of the problem, Your Honor, is the court did all of the analysis for the crack cocaine involved in count 17 as to count one and it literally walked down the road and then it said, but we're not going to do 17, even though effectively its decision had checked all of the boxes. The court just said in a footnote, arguably we should do that, but we're not going to do it here. And that's the problem is that could be construed at some future point as being a complete review of the merits. And if there's no further questions from the panel, I'd like to reserve my last minute 45. You may do so. Mr. Brenton. Good morning. May it please the court. I am Kyle Brenton on behalf of the United States. There is no dispute in this case that in light of the district court's decision not to reduce the sentence as to count one, there was no order the court could have entered as to count 17 that would have reduced Mr. Carrillo's sentence by one day or one minute. And Mr. Carrillo has not appealed the ruling as to count one. The questions then for this court as to count 17 are whether one, the court retained jurisdiction to do anything with it in light of Manny. And two, if the court did have jurisdiction, did it have any legal obligation to reduce the sentence on 17 consistent with its discretion under the First Step Act? Now, the answer to both questions is no, and the district court should be affirmed. But I think this court's attention is quite properly on the jurisdictional issue. The reality in this case is Manny meant what it said, and it's binding on this court. A criminal defendant has standing and obviously Manny was a standing case, and we can talk a bit more about that in a moment, but has standing to seek a sentence reduction only where the reduction sought will actually reduce the amount of time that defendant spends in prison. In other words, only where the court can grant relief that is meaningful in the real world. And Mr. Carrillo suggests that the difference between this case and Manny, and this court's decision in Ellis as well, is that at the outset, in Manny and Ellis, there was a controlling concurrent sentence that wasn't even a cover defense under the First Step Act. So the court never had any ability to do anything. Whereas in this case, at the outset, obviously the sentences on count 17 and count one are both for cover defenses under the First Step Act. But that's a distinction without a difference. I think as Judge McHugh observed, I think the difference between Manny and this case is the difference between standing and mootness. As I say, there is no dispute that as soon as the court made its decision as to count one, it lost the ability to grant any meaningful relief on count 17. And I think this court's decisions and the decisions from the Supreme Court on the mootness doctrine absolutely encompass this situation. The court may have had jurisdiction at the outset, but given its rulings over the course of the case, it lost jurisdiction over count 17. And Mr. Carrillo uses the phrase, you know, the court choosing to strip itself of jurisdiction. You know, that's a dramatic way to put it, but I think the reality is a lot more mundane. I think it's very common for a court's jurisdiction or authority over some pieces of the case to hinge over its ruling on other pieces of the case, on threshold questions. And that's all that happened here. This is, this is a very... Mr. Brenton, you said the district court may have had jurisdiction at the outset. Isn't it clear the district court did have jurisdiction at the outset? Yes, Your Honor. Absolutely. Yes. Okay. At the moment... You said may, I just wanted to clarify what your may meant. Certainly. No, there's no question that both counts one and count 17 are covered offenses under the first step act. There was a hypothetical road the court could have walked down in which it chose to reduce count one and then maintain count 17 as a live controversy, but that's simply not the path that it took. Let me ask you this. The second part of the argument here is that the court left in place what is now an illegal sentence with respect to count 17. The 60 year sentence that has been left in place is contrary to the present statutory maximum of 40 years. Yes, Your Honor. So that is certainly the argument that Mr. Carrillo has presented. I think there's no... The government doesn't dispute that if Mr. Carrillo were sentenced today on just count 17, yes, his statutory maximum would be 40 years and that there is an error in the answer brief on that point on page 15 and our apologies for that. It does not ultimately affect the outcome of this appeal, however. Right. A math error and oddly I picked it up. It is a numerical error that is a bit confounding, but as I say, it doesn't actually affect the outcome of this case. And I think to call that though an illegal sentence, I think stretches the law of this circuit pretty considerably. There's no question that the sentence of 60 years on count 17 was legal and within the statutory maximum at the time it was applied I mean, let me pick up on that and ask you a question. So these aren't self-executing laws. They're not laws that say, hey, if you were sentenced to 60 years for a crack cocaine offense, automatically your sentence is reduced to 40 years. These are sentences where people have to take action and petition the court for relief to correct it. Correct. That's absolutely right. Your honor. And so it's not, it's not ill. It's not illegal. It is subject to reduction, I guess, maybe the better, better way to, to describe it. I think that's absolutely right. Judge Carson. And, you know, it could not be more clear under the first step act that the district court is not required to reduce a twice in 404 B it says the court may not shall reduce a sentence. And then in 404 C, if that wasn't clear enough, it says nothing in this section shall be shall be construed to require the court to reduce any sentence. So there's no, let me, so you would say, even if the only claim that was before us was a first step act challenge on count 17, in your view, the court would have had the discretion to leave the 60 year sentence in place, even though there is now a 40 year maximum statutory maximum. Is that your position? Uh, that is the position your honor. Yes. The, the, the fact is the only authority that Mr. Carrillo has cited to the contrary is the case from the fourth circuit. Um, and, and with respect to the fourth circuit, that, that case goes squarely against the language of the statutes. Um, and it's certainly not an issue that has been decided by this court. It's also not an issue that this court needs to decide today. In this case. Um, I think there's ample reason for this court to affirm based on the jurisdictional grounds that the court pointed to in its footnote. Um, I I'd like to also address the one bite rule points that, that, that had was discussed during the opening. Um, I think there, there really can be no doubt that Mr. Carrillo should circumstances change in either the facts or the law, Mr. Carrillo will retain his ability to file a first step back motion as to count 17. You know, the language of the statute in 404 C is that a second or a subsequent motion under the act is barred only where the district court has conducted a complete review of the motion on the merits. Now that happened as to count one here, but it emphatically did not happen as to count 17. You know, I agree with judge Carson. I read that footnote and I cannot read that footnote consistent with the conclusion that the court was conducting a quote complete review on the merits of the count 16 issue. Um, certainly the court C I mean, do you see anywhere in the court's order where the court purported to reach the merits of the count 17 issue? I mean, I think the plaintiff or the defendant gets there based on some, well, he, the court must've decided this since they both, uh, involved crack cocaine, but is there anything explicit where the court reached the merits of count 17 as opposed to reaching the merits of count one? Absolutely not your honor. In fact, um, the footnote that we're discussing is very nearly the only place that count 17 is mentioned at all in the order, except in the beginning in the sort of litany of the charges. Um, in fact, you're at, how was the court explicit? The court was explicit to the contrary. The court was explicit that it was not reaching the merits of this issue and that Mr. Correo could bring it again. And that's completely consistent by the way, with this court's, uh, footnote 12 in Manny, which says fundamentally the same thing that the court's rejection of that defendant's motion was on jurisdictional grounds was without prejudice. And in light of a change in facts, he could bring it again. So I think at this point, this, the district court, this court in Manny and the government in the answer brief are all fully on the record as saying that he can bring a count 17 based first step motion act again for step act motion again. So I really don't think there's any reasonable basis to suggest to the contrary. Also, you know, to the extent the argument is, well, by making certain findings as to count one, that, that also triggered the one bite rule as to count 17. I mean, the motivator of the court's decision on count one is, is self-evidently the amount of methamphetamine involved. You know, the court's decision on count one, the court even says, if I were to completely disregard the amount of, of crack, I would still read the guideline would be the same. And obviously that's not the case as to count 17. The two counts are very different. So I think that there's really no rational reading of the district court's order that suggests that the court conducted a complete review on the merits of of count 17. And I just very briefly, I think the, the, the question of the concurrent sentence doctrine was raised. And I think, you know, Mr. Shaw's response was, if this is the current sentence doctrine, then that's discretionary and not jurisdictional. That's, that's correct as to the law, but the district court didn't apply the concurrent sentence doctrine here. It applied Manny and Manny could not more clearly be an article three jurisdictional case. And I think, you know, this, this court could say that this case is about mootness instead of standing, but we're still in the territory of article three limitations on the court. So I think that the district court quite properly refrained from ruling on count 17 because it lost the authority to enter any order that would have any meaningful effect in the real world. And that decision should be affirmed. There are no further questions. I believe Mr. Shaw has some rebuttal time. Thank you, your honor. As to Mr. Brenton's last point, the clarity of Manny was not even obvious to the district court in this case. When it used words like Manny suggests that the court lacks jurisdiction to re-sentence Mr. Carrillo on count 17. The court uses a lot of this language, suggests and arguably, and creates this ambiguousness about what it's, what it's doing. And therein lies, lies the problem for Mr. Carrillo. As to judge Carson's point and Mr. Brenton's argument that the first step act doesn't require anything, the district court to do anything because it says nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section. The authority for the court comes from 3582 C, which, which puts the onus on this, the statute and the statute here that compels the change in the sentence is title 21, United States code section 841 A1, which has changed and now has a maximum of 40 years applicable to Mr. Carrillo's amount of crack cocaine. And so even if the first step back says you don't have to use the first step back, it also says that you have to review the covered offense as if the fair sensing act was in place at the time. And the fair sensing act made Mr. Carrillo's offense punishable by a maximum of 40 years. And in our last five seconds, I'll just say, we ask that the court remand this decision to the district court with instructions that Mr. Carrillo's sentence cannot exceed 40 years on, on count 17. Thank you. We will take this matter under advisement. And